IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

```
-----------------------------------------------------------
DEBORAH MOON and RONALD MOON,  )
                               )
            Plaintiffs,        )
                               )   Civil Action File
                               )   No.: 5:11-cv-180
     vs.                       )
                               )
MAYOR CHARLES BROWN,           )
in his official and individual capacity )
and CITY OF JACKSON, GEORGIA,  )
                               )
            Defendants.        )
-----------------------------------------------------------
```

## COMPLAINT

**COME NOW** DEBORAH and RONALD MOON ("the Moons") and bring this Complaint for damages to redress the deprivation of rights secured by the First, Fourth and Fourteenth Amendments to the United States' Constitution, arising out of the unconstitutional impounding of their truck in retaliation for and because the truck prominently displayed a "political sign" supporting Eighth District Republican Congressman Austin Scott in his election campaign.

## JURISDICTION AND VENUE

1.

This action seeks to enforce and to vindicate rights conferred by the First, Fourth and Fourteenth Amendments to the United States Constitution

and by the Constitution of the State of Georgia.  (GA. Const., Art. I, § I, Para. II, II, V, VII, & IX.).

2.

This Court has subject matter jurisdiction over the federal constitutional claim pursuant to 42 U.S.C. §1983, 28 U.S.C. §§ 1331 and 1343 (a) (3) and has supplemental jurisdiction over the state constitutional claims pursuant to 28 U.S.C. § 1367 (a), because it is brought to redress deprivations, under color of state authority, or rights, privileges and immunities secured by the United States Constitution.  Because the Court has federal jurisdiction, it has supplemental jurisdiction.

3.

Venue rests with this court and is proper pursuant to 28 U.S.C. §1391(b).

4.

All actions, and refusals to act, of the Defendants were under color of law and with deliberate indifference to Plaintiffs' rights.

## PARTIES

5.

Plaintiffs, Deborah and Ronald Moon are, and were at all times hereto, natural persons and residents of the State of Georgia, who reside within this judicial district in Jackson, Georgia. At the time of the events giving rise to this action, the Moons were private citizens, politically involved, who supported Austin Scott as a Republican challenger in his successful race for Congress.

6.

Defendant Charles Brown is the Mayor of Jackson, Georgia. The municipality is sued as is Mayor Brown in his individual and official capacity for instructing officers to impound Plaintiffs' vehicle solely because of its "political sign."

## FACTUAL ALLEGATIONS

9.

On October 10, 2010, the Moons were on their way to church and dropped off their pick-up truck in an open and public area in downtown Jackson, Georgia where vehicles had frequently parked without incident or impounding both before and after that date.

10.

The Moon's truck had a sign in the bed of the vehicle expressing their support of Austin Scott for the Eighth District Congressional race.

11.

A very short time thereafter, according to public documents, Mayor Brown called the police dispatch within 16 minutes and ordered that the truck be towed by the police department "immediately because it had political signs."

12.

After church, the Moons returned to pick up their truck at the lot, but it was gone.

13.

Three separate inquiries to both the police dispatcher and police chief consistently revealed that the sole and only stated basis given by the Mayor for demanding that the truck be impounded was that it had a "political" sign on it, and that he wanted it towed "immediately." The Mayor's order was in retaliation for the political content or partisan Republican viewpoint of the sign. Police Department Vehicle Release Form records identify "Officer Who Impounded Vehicle: Mayor." The Jackson Police Department Wrecker Rotation Logsheet also identifies the officer as "Mayor." The Moons paid the

impound fee to retrieve their truck.

14.

Routinely, both before and after the date in question, there were other vehicles of private citizens parked in the same area without political signs that were not towed, impounded or restricted in any way.

15.

At no time did anyone from the City of Jackson contact the Moons regarding the sign on his truck prior to its being impounded.

16.

An ante-litem demand was timely and properly submitted to the Defendants.

## **CLAIMS FOR RELIEF**

17.

Plaintiffs restate, as if rewritten here in their entirety, each and every claim and allegation set forth in this Complaint.

18.

At all times relevant hereto Defendants were acting under color and authority of state law.

## FIRST AND FOURTEENTH AMENDMENT

19.

Defendants censored the Moons' campaign sign explicitly because of its "political" content and its viewpoint supporting a Republican candidate.

20.

Content based restrictions on speech are presumptively unconstitutional, and subject to strict scrutiny under the First Amendment. Such restrictions must both be supported by a compelling government interest and be narrowly tailored. The retaliatory targeting of the Moons' sign because of its political content and its partisan viewpoint cannot survive strict scrutiny.

21.

The censorship of the Moons' political message, in the midst of a campaign for Congress, restricted his right to free speech designed to express a position on a time-sensitive issue.

22.

Defendants violated the Moons' constitutional rights by imposing, approving, ratifying, and enforcing the actions taken against him.

23.

Defendants have caused the Moons to suffer financial harm,

humiliation, consternation, and emotional distress because of Defendants' deprivation of his constitutionally protected rights.

## FOURTH AND FOURTEENTH AMENDMENT

24.

Plaintiffs restate, as if rewritten here in their entirety, each and every claim and allegation set forth in this Complaint.

25.

Defendants unreasonably and without cause seized the Moons' truck and political sign in violation of his Fourth Amendment right to be free from unreasonable searches and seizures, as applied to the states through the Fourteenth Amendment.

## GEORGIA CONSTITUTIONAL CLAIMS

26.

Plaintiffs restate, as if rewritten here in their entirety, each and every claim and allegation set forth in this Complaint.

27.

The actions complained of herein violate the First, Fourth and Fourteenth Amendment to the United States Constitution, and they also violate comparable provisions under Article I, Section I, Para. II, III, V, VII, IX and XIII of the Georgia State Constitution.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against each of the Defendants as follows:

A.   A declaration that the acts and practices complained of herein are in violation of the United States and Georgia Constitutions;

B.   An award of compensatory damages against each Defendant in an amount to be proven at trial;

C.   An award of punitive damages against the individual Defendant Mayor Brown in an amount to be proven at trial;

D.   An award of attorney fees and costs of suit pursuant to 42 U.S.C. § 1988 and Fed.R.Civ.P. 54, or otherwise provided by law and;

E.   Such other legal and equitable relief as this Court shall, in the sound exercise of its discretion, deem just.

A JURY TRIAL IS REQUESTED.

DATED: This the 10th day of May, 2011.

Respectfully submitted,

/s/ Gerald Weber
_____
Gerald Weber
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107

Phone: (404) 522-0507
wgerryweber@gmail.com

/s Craig Goodmark
_____
Craig Goodmark
Georgia Bar No. 301428

Goodmark Law Firm
Post Office Box 5259
Atlanta, Georgia 31107
(404) 668-3798
cgoodmark@gmail.com

*Attorneys for Plaintiffs*