# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DEBRA AND ROBERT MOON, | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 5:11-CV-180 |
| MAYOR CHARLES BROWN AND THE CITY OF JACKSON, GEORGIA, | : |
| Defendants. | : |

## ANSWER OF DEFENDANTS

COME NOW Mayor Charles Brown, in his official and individual capacity, and City of Jackson, Georgia, Defendants, and file this Answer to Plaintiffs' Complaint, respectfully showing to the Court the following:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND DEFENSE

The City of Jackson, Georgia is entitled to sovereign, municipal, official, and absolute immunity.

## THIRD DEFENSE

Mayor Charles Brown, in his individual capacity, is entitled to qualified immunity and official immunity.

## FOURTH DEFENSE

At all times pertinent to Plaintiffs' Complaint, Defendants were acting in the good faith

discharge of duties and responsibilities imposed upon them in their official capacities.

## FIFTH DEFENSE

Defendants acted in conformity with and in compliance with federal, state, and local laws.

## SIXTH DEFENSE

The City of Jackson, Georgia is entitled to legislative immunity.

## SEVENTH DEFENSE

Plaintiffs' vehicle was towed because it was parked in a city parking lot that was under construction and unavailable for usage without permission and because it displayed a sign prohibited by the Jackson Zoning Ordinance. The City of Jackson has a practice of removing signs from City rights of way and public property regardless of political affiliation.

## EIGHTH DEFENSE

Answering the paragraphs of Plaintiffs' Complaint, Defendants answer as follows:

### First Unnumbered Paragraph

The first unnumbered paragraph is denied. The fact that the signage supported a particular candidate in an election campaign had absolutely nothing to do with the decision to tow the vehicle in which the signage was located.

1.

Answering paragraph numbered 1, Defendants admit that Plaintiffs bring the action as described therein but deny Plaintiffs' entitlement to do so under the facts of this case.

2.

Paragraph 2 is admitted except the Defendants deny the facts relied upon by the Plaintiffs to support the allegation of subject matter jurisdiction.

3.

Paragraph 3 is admitted.

4.

Paragraph 4 is denied.

5.

Answering Paragraph 5, Defendants admit, on information or belief, the first grammatical sentence contained therein. Defendants are without sufficient information or knowledge to from a belief as to the truth of the remaining averments contained in Paragraph 5 of Plaintiffs' Complaint, and can admit nor deny the same.

6.

Answering Paragraph 6, Defendants admit the first grammatical sentence contained therein. The remainder of Paragraph 6 is denied as alleged.

9.

(Plaintiffs omit Paragraphs 7 & 8)

Answering Paragraph 9, Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in Paragraph 9 of Plaintiffs' Complaint, and can neither admit nor deny the same.

10.

Answering Paragraph 10, Defendants admit there was a sign supporting Austin Scott in the vehicle which was requested to be towed by the Mayor. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments contained in Paragraph 10 of Plaintiff's Complaint, and can neither admit nor deny the same.

11.

Paragraph 11 is denied as alleged.

12.

Defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in Paragraph 12 of Plaintiffs' Complaint, and can neither admit nor deny the same.

13.

Answering Paragraph 13, Defendants deny the first two grammatical sentences contained therein. The third grammatical sentence is admitted. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments contained in Paragraph 13 of Plaintiff's Complaint, and can neither admit nor deny the same.

14.

Paragraph 14 is denied as alleged.

15.

Paragraph 15 is admitted.

16.

Paragraph 16 is admitted.

17.

Answering Paragraph 17, Defendants incorporate their previous responses to each and every claim and allegation set forth in the Complaint.

18.

Paragraph 18 is admitted.

19.

Paragraph 19 is denied.

20.

Answering Paragraph 20, Defendants show that the first three grammatical sentences

contained therein are legal assertions which do not call for a responsive pleading from these Defendants. The remainder of this paragraph is denied.

21.

Paragraph 21 is denied.

22.

Paragraph 22 is denied.

23.

Paragraph 23 is denied.

24.

Answering Paragraph 24, Defendants incorporate their previous responses to each and every claim and allegation set forth in Plaintiffs' Complaint.

25.

Paragraph 25 is denied.

26.

Answering Paragraph 26, Defendants incorporate their previous responses to each and every claim and allegation set forth in Plaintiffs' Complaint.

27.

Paragraph 27 is denied.

Any averments contained in Plaintiffs' Complaint not specifically admitted, or for want of sufficient information neither admitted nor denied, are hereby denied.

WHEREFORE, having fully answered, Defendants pray as follows:

(a)  That Plaintiffs' Complaint be dismissed;

(b)  That judgment be entered in favor of Defendants for all costs of this action,

including reasonable attorney's fees pursuant to 42 USC §1988;

(c) That Defendants have trial by jury as to any factual issues;

(d) That Defendants have such other and further relief as the Court deems appropriate under the circumstances of this case.

This 29th day of July, 2011.

/S/ Thomas F. Richardson
Thomas F. Richardson
Ga. Bar No. 604325

/S/ J. Travis Hall
J. Travis Hall
Ga. Bar No. 357464
***Attorneys for Defendants***

Of Counsel:
Chambless, Higdon, Richardson,
Katz & Griggs, LLP
P.O. Box 246
Macon, GA 31202-0246
Telephone: 478/745-1181

## CERTIFICATE OF SERVICE

This is to certify that I have this day served foregoing Answer of Defendants upon counsel for Plaintiffs, by depositing a copy of the same in the United States mail with sufficient postage affixed thereon to ensure delivery to:

>Mr. Gerald Weber, Esq.
>Law Office of Gerald Weber, LLC
>P.O. Box 5391
>Atlanta, GA 31107
>
>Mr. Craig Goodmark, Esq.
>Goodmark Law Firm
>P.O. Box 5359
>Atlanta, GA 31107

This 29th day of July, 2011.

/S/ Thomas F. Richardson
Thomas F. Richardson